**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN KEITH PATE MOSLEY,

    Defendant - Appellant.

No. 13-1015
(D.C. No. 1:12-CR-00297-CMA-1)
(D. of Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Brian Mosley appeals the district court's denial of two pretrial motions. First, he contends the district court erred in denying his motion to suppress evidence obtained as the result of a warrantless search outside an apartment. Second, he contends the district court erred in denying his motion in limine to exclude testimony about a plan to procure a gun for an undercover officer.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We AFFIRM. The district court did not abuse its discretion in determining that Mosley had abandoned the items searched and that the challenged testimony was admissible to demonstrate a plan or intent to obtain a firearm.

## I. Background

Based on information developed in a drug investigation, Denver police were conducting undercover surveillance of Michael Guss at a downtown apartment building. A detective, acting undercover, spoke with Guss by telephone about buying drugs and a handgun. Guss told the detective he would locate a seller, who would bring a gun to the apartment under surveillance.

Later, Guss met with Brian Mosley outside the apartment building. After Mosley spoke briefly with Guss, Mosley went to his car and returned with a grey bundle. Mosley carried the bundle to the base of an exterior staircase, which led to the apartment building's upper floors. He sat at the bottom of the stairs and put the bundle between his feet, all the while speaking with Guss, who stood nearby. When Mosley got up, he left the bundle on the ground and walked away. Mosley had walked almost to his car when the police made their presence known and arrested both Guss and Mosley.

The police then searched the bundle. They found several food items—including a half-empty bag of chips, a sandwich wrapper, and a bottle of iced tea—as well as a pair of grey shorts. In the pocket of the shorts, the police discovered a loaded handgun and an extra ammunition clip. When confronted

-2-

with the evidence, Mosley told officers that neither the shorts nor the handgun belonged to him.

Mosley, who had a previous felony conviction, was charged with possession of a firearm by a prohibited person. He was subsequently tried and convicted by a jury.

## II. Analysis

Mosley challenges (1) the denial of his motion to suppress the gun evidence and (2) the denial of the motion in limine that allowed testimony about Guss's statements to the undercover officer.

### A. Suppression Motion

To prevail on a motion to suppress evidence that resulted from an allegedly unconstitutional search, the defendant must establish both that he had an expectation of privacy in the searched items and that his expectation was reasonable. *United States v. Ruiz*, 664 F.3d 833, 841 (10th Cir. 2012); *United States v. Maestas*, 639 F.3d 1032, 1035 (10th Cir. 2011). As for abandoned property, an individual "forfeit[s] any expectation of privacy in it," and thus "a warrantless search or seizure of abandoned property is not unreasonable under the Fourth Amendment." *United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983). "When reviewing a district court's ruling on a suppression motion, we accept the district court's factual findings absent clear error and review de novo the district court's determination of reasonableness under the Fourth

Amendment." *United States v. Cousins*, 455 F.3d 1116, 1121 (10th Cir. 2006) (internal quotation marks omitted).

Here, the district court made a factual finding that Mosley had abandoned the shorts, which we review for clear error. *United States v. Garzon*, 119 F.3d 1446, 1449 (10th Cir. 1997). The district court based its findings on evidence of Mosley's behavior before his arrest and statements he made after his arrest. Mosley objects to the district court's reliance on his post-arrest, post-search statements. But we do not need to determine here whether the district court erred when it relied on Mosley's post-arrest, post-search statements because, even without those statements, the district court had sufficient reasons to find that Mosley abandoned the shorts.

According to the district court,

> [Mosley] left the sweat shorts in a public place, open to inspection to any casual observer, and showed no intention of returning to retrieve the shorts. Morever, Defendant made no attempt to protect the sweat shorts from inspection, nor did he make any manifestations, verbal or otherwise, indicative of a privacy interest in the shorts.

*United States v. Mosley*, No. 12-cr-00297-CMA, slip op. at 4-5 (D. Colo. Aug. 31, 2012) (order denying motion to suppress). Mosley does not challenge these findings, and, by admitting that there are not any disputed facts in this case, Mosley confirms that the district court need not have held an evidentiary hearing before making these findings.

-4-

As a result, the only question before us is whether these facts are sufficient to support the legal conclusion that Mosley abandoned the shorts. We considered a very similar fact pattern in *United States v. Morgan*. 936 F.2d 1561 (10th Cir. 1991). In that case, the defendant threw his bag off a porch while running from the police, and we held that he had abandoned it. Mosely attempts to distinguish *Morgan* because, unlike Mosley, Morgan knew when he left his property that the police were pursuing him. But *Morgan* does not turn on the suspect's intent to evade the police. Instead, it turns on where the defendant left the property and how he behaved when leaving it. In that case, the most salient facts were that Morgan did not attempt to protect his bag or its contents from inspection, he did not make statements indicating he had a privacy interest in the bag, the bag was not left in the care of another, and the bag was placed outside where it was plainly visible to passersby.

All of those facts are also present here, except, perhaps, that Mosley may have left the bundle in Guss's care. But Mosley bears the burden to show that he left his shorts with Guss for safekeeping and therefore retained a privacy interest. Mosley has neither presented that argument nor identified facts to support it.

Despite his case's similarity to *Morgan*, Mosley argues that the district court should not have concluded that he abandoned the shorts. He argues that the court could have inferred that he intended to return immediately to collect his belongings. Mosley, however, does not claim that he manifested such intent.

Instead, to support this argument, he points to the food items left beside the shorts. He claims those items were his lunch, and, because they were not fully consumed, "it is more reasonable to infer" that he went to retrieve something from his car and intended to return to the stoop to finish eating. Aplt. Br. at 21. But that is not enough to show that Mosley retained a privacy interest in the shorts, let alone that the district court's abandonment finding was clearly erroneous.

Because Mosley did not meet his burden to prove his subjective expectation of privacy, we need not reach the objective element of the abandonment test.

### B. Motion in Limine

"This court reviews a district court's evidentiary rulings and rulings on motions in limine for abuse of discretion." *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1249 (10th Cir. 2013). If we determine that the district court abused its discretion, we must evaluate whether its error prejudicially affected a party's substantial right and thus warrants retrial. *United States v. Sarracino*, 340 F.3d 1148, 1171 (10th Cir. 2003).

Mosley contends Guss's statements to the undercover detective were inadmissible hearsay. The district court disagreed, finding the testimony was admissible under Federal Rule of Evidence 803(3)'s exception to hearsay. Under

Rule 803, statements about the declarant's state of mind, including his plan or intent, are admissible, while statements of memory or belief are not.[1]

Although Mosley originally argued that the district court should exclude all of the detective's testimony about Guss's statements, Mosley limits his argument on appeal to Guss's statements about an expected gun delivery. He argues that an expectation is based on one's memory and, therefore, not a statement about the declarant's state of mind.

But Mosley misapprehends the testimony the detective gave at trial. During direct examination, the officer testified, "Mr. Guss advised me that he had been trying to get people to bring him the gun, but that they would not, and that he was going to make another telephone call in an attempt to get them to bring the gun again." App. 122.[2] Mosley objects only to the latter part of that testimony, in which the officer references Guss's statement that he would keep trying to obtain a gun. That statement, however, falls within Rule 803(3)'s hearsay

_____

[1] "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." Fed. R. Evid. 803.

[2] On cross examination, the witness also said, "[Guss] stated that he had already spoken to people to bring it to him; that they had not brought it to him. But he was going to make another attempt of it." App. 134. As this statement is nearly identical to the statement the officer made during direct examination, we do not consider it separately here.

-7-

exception—it describes Guss's intent to make a telephone call to try to procure a gun. Contrary to Mosley's description of it, this part of the officer's statement does not contain any reference to Guss's belief that a handgun "was going to be delivered to the scene by an unnamed person." Aplt. Br. at 18.

The first part of the detective's statement, however, might be a description of his memory or belief, which is expressly excluded from Rule 803(3)'s hearsay exception. Mosley does not directly object to this part of the statement, but, even if he had, he would not have prevailed. Any error was harmless. Given that the jury properly heard Guss was going to call to ask someone to deliver a gun, we see no reason to believe that hearing that Guss had previously tried and failed to secure delivery would be prejudicial to Mosley.

## III. Conclusion

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge